IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL EMPIRE CONSTRUCTION, INC.<br>1408 WISCONSIN AVE., N.W.<br>WASHINGTON, D.C. 20007<br><br>    Plaintiff,<br><br>    v.<br><br>THE SOCIALIST REPUBLIC OF VIETNAM,<br>Acting by and through<br>The Embassy of The Socialist Republic of Vietnam<br>In the United States,<br>Department of Administration and Finance<br>– Ministry of Foreign Affairs of Vietnam<br>1233 20th St. NW, Suite 400<br>Washington, D.C. 20036<br><br>And<br><br>The Embassy of the Socialist Republic of Vietnam,<br>Department of Administration and Finance<br>– Ministry of Foreign Affairs of Vietnam<br>1233 20th St. NW, Suite 400<br>Washington, D.C. 20036<br><br>    Defendants | Civil No._____ |

## COMPLAINT FOR MONEY DAMAGES

NATIONAL EMPIRE CONSTRUCTION, INC., Plaintiff, by and through its undersigned attorneys, hereby sues the Defendants THE SOCIALIST REPUBLIC OF VIETNAM, acting by and through The Embassy of The Socialist Republic of Vietnam in the United States, Department of Administration and Finance – Ministry of Foreign Affairs of Vietnam and THE EMBASSY OF THE SOCIALIST REPUBLIC OF VIETNAM IN THE UNITED STATES, Department of Administration and Finance – Ministry of Foreign Affairs of Vietnam for a judgment of money damages, and in support hereof states:

1

**Parties and Jurisdiction**

1. Plaintiff National Empire Construction, Inc. ("Plaintiff") is a Maryland corporation in good standing engaged in the business of construction and development within the District of Columbia.

2. Defendant THE SOCIALIST REPUBLIC OF VIETNAM ("S.R.Vietnam") is a sovereign foreign country that acted by and through The Embassy of The Socialist Republic of Vietnam in the United States, Department of Administration and Finance – Ministry of Foreign Affairs of Vietnam, entered into the contract and agreements that are the subject of this lawsuit, and that benefited from the services and materials provided by the Plaintiff as alleged herein.

3. Alternatively, The Embassy of The Socialist Republic of Vietnam in the United States, Department of Administration and Finance – Ministry of Foreign Affairs of Vietnam (the "Embassy") may be an independent company or agency that conducts business within the District of Columbia, and entered into the contract and agreements that are the subject of this lawsuit, and that benefited from the services and materials provided by the Plaintiff as alleged herein.

4. This Court has original jurisdiction over this action pursuant to 28 USCA §1330 (Actions against foreign states) because the Plaintiff is a corporate citizen with offices in the District of Columbia and otherwise duly registered to conduct business within the District of Columbia, and the Defendant S.R.Vietnam is a foreign state.

5. Furthermore, jurisdiction of this Court exists pursuant to 28 USCA §1605(a)(2) because this action is based upon the Defendants' commercial activities carried on in the District of Columbia S.R.Vietnam and/or the Embassy, which included the engagement of the Plaintiff to perform construction renovations of the Social Republic of Vietnam's Embassy

headquarters and officers and staff housing facilities located at 3330 Garfield Street N.W., Washington, D.C. (the "Project").

**Facts Relevant to All Counts**

6. The allegations of fact and jurisdiction set forth in the preceding paragraphs are adopted and incorporated herein by reference.

7. Through this Complaint, Plaintiff seeks the entry of a money judgment in the amount of not less than $1,088,292.27 (the "Claim Amount") constituting the financial damages that the Plaintiff has incurred, and which has not been paid by the Defendants, on account of demolition, renovation and construction work performed, and labor and materials supplied (the "Work") by Plaintiff to the Project.

8. Plaintiff performed the Work pursuant to an oral request made by or at the direction of Ambassador Nguyen Quoc Dung ("Ambassador Nguyen") to Plaintiff's agent Mr. Henry Hung Tran, in or around April 2022.

9. Pursuant to Ambassador Nguyen's request, Plaintiff started the Work on the Project in May 2022 after a traditional groundbreaking ceremony akin to Vietnamese customs was held and the Project was otherwise formally commenced.

10. Plaintiff's construction team thereafter worked intensively on the Project, often around the clock, and completed approximately two-thirds of the essential work, including:

- Renovation of the consular area, family apartments, kitchen, and dining room
- Replacement and repair of telephone and internet systems
- Installation of water and electrical conduits for future phases
- Procurement of HVAC units, kitchen cabinets, paint, sanitary fixtures
- Preparations for urgent roof and ceiling repairs upon discovering serious damage

11. Despite the substantial progress that Plaintiff made in a short period after the commencement ceremony, on August 6, 2022, Ambassador Nguyen and the Embassy suddenly ordered a halt to all construction without providing a clear explanation.

12. In January 2023, the Plaintiff was advised that the Embassy had renewed its lease at the existing office and that the Project otherwise remained suspended. Plaintiff received no further guidance other than that in order to restart the Project, the Embassy needed to follow internal Vietnamese procedures to gain approval to resume the Project.

13. After months of suspension, in May 2023 the Embassy executed an agreement entitled as "Construction Consultancy Contract No.: ….../2023/HDTV (the "Consultancy Contract") with the Joint Venture of Tran Group, LLC and 36 Trading and Construction Joint Stock Company (the "Joint Venture") to assist with procedural compliance.

14. The Joint Venture is comprised of Plaintiff's corporate affiliate Tran Group, LLC and an architecture and construction firm based in Vietnam, 36 Trading and Construction Joint Stock Company.

15. Despite the execution of the Consultancy Contract, the Claim Amount stated above as being earned and owed in connection with the initial Project Work performed by the Plaintiff remains unpaid.

16. Prior to directing Plaintiff to commence work in May 2022, Defendant S.R.Vietnam knew and understood that it would be responsible for paying Plaintiff for the Work.

17. Prior to directing Plaintiff to commence work in May 2022, Ambassador Nguyen and the Defendant Embassy, as an instrumentality or agency of S.R.Vietnam, knew and understood that it would be responsible for paying Plaintiff for the Work.

18. The failure of the Defendants to pay the Claim Amount to the Plaintiff has and continues to suffer damages of not less than $1,088,292.27, together with accrued interest calculated thereon.

## Count I
## Breach of Contract

19. The facts and allegations set forth in the preceding paragraphs are adopted and incorporated by reference as if fully restated herein.

20. In or about April 2022, Defendants contracted with the Plaintiff for the performance of the Work at the Project (the "Contract").

21. The Contract is comprised of the urgent request made by the Defendants through Ambassador Nguyen, and was memorialized by and supported by legal consideration, including but not limited to, the performance of the traditional ground breaking ceremony as indicated above, and the actions of the Plaintiff and Defendants taken thereafter upon mutual assent and agreement such as: Defendants affording access to the Project to the Plaintiff to begin and continue the Work, Defendants providing direction, oversight, and supervision to the Plaintiff as to how to proceed with the Work, and subsequent and continuance performance of the Work by the Plaintiff, and other actions of the Defendants and Plaintiff confirming the existence of the Contract.

22. On or about August 6, 2022, the Defendants abruptly advised the Plaintiff to suspend its operations on the Project (the "Suspension") because of procedural matters.

23. As of the date of the Suspension, Plaintiff performed work, and provided labor, materials and supplied equipment having value of not less than the Claim Amount of $1,088,292.27.

24. Plaintiff has invoiced Defendants for the Work at the Project, and has otherwise made demand for payment upon the Defendants for remittance of the Claim Amount, however despite demand, Defendants have failed and refused to remit payment.

25. The failure of the Defendants to pay the Claim Amount constitutes a material breach of a contract for which the Plaintiff has and continues to suffer damages of not less than $1,088,292.27, together with accrued interest calculated thereon.

26. If it is established that Defendant S.R. Vietnam contracted with Plaintiff as alleged above, then Plaintiff is entitled to a money judgment in its favor and against the Defendant S.R. Vietnam based upon the breach of contract stated above of not less $1,088,292.27, plus accrued interest at the legal rate.

27. If it is established that Defendant Embassy contracted with Plaintiff as alleged above, then Plaintiff is entitled to a money judgment in its favor and against the Defendant Embassy based upon the breach of contract stated above of not less $1,088,292.27, plus accrued interest at the legal rate.

## Count II
## Quantum Meruit/ Quasi-Contract

28. The facts and allegations set forth in the preceding paragraphs are adopted and incorporated by reference as if fully restated herein.

29. At the Defendants' request, and with the Defendants' continuous approval, Plaintiff performed Work on the Project having a value of not less than $1,0877,292.27.

30. The Work was performed upon the specific request of the Ambassador and the Defendants, and the benefits of the Work have been retained by the Defendants without objection or dispute as confirmed by the subsequent execution of the Consultancy Contract as a continuation or substitution of the Contract for the Work.

31. At all times after the initial commencement ceremony, Plaintiff performed the Work under the direction, observation, and supervision, and with the knowledge of, the Defendants, and with the express understanding that payment by the Defendants would be required.

32. The Defendants have received the benefit of services and materials valued in the amount of not less than $1,088,292.27, and despite invoicing and demand, the Defendants have without legal justification, failed to remit payment.

33. If it is established that Defendant S.R. Vietnam contracted with Plaintiff as alleged above, then Plaintiff is entitled to a money judgment in its favor and against the Defendant S.R. Vietnam based upon the equitable theories of *quantum meruit* and/or *quasi contract*, of not less $1,088,292.27, plus accrued interest at the legal rate.

34. If it is established that Defendant Embassy contracted with Plaintiff as alleged above, then Plaintiff is entitled to a money judgment in its favor and against the Defendant Embassy based upon the equitable theories of *quantum meruit* and/or *quasi contract*, of not less $1,088,292.27, plus accrued interest at the legal rate.

## Count II
## Unjust Enrichment

35. The facts and allegations set forth in the preceding paragraphs are adopted and incorporated by reference as if fully restated herein.

36. Plaintiff provided the services and materials constituting the Work to the benefit of the Defendants, who accepted those services and materials for the benefit of the Embassy Project.

37. Defendant S.R.Vietnam knew and understood that it would be responsible for paying Plaintiff for the Work.

38. Defendant Embassy, as an instrumentality or agency of S.R.Vietnam, knew and understood that it would be responsible for paying Plaintiff for the Work.

39. Plaintiff provided Work valued in the amount of $1,088,292.27, and it would be inequitable for Defendants to retain the benefit of the Work without paying for the full and fair value of at least $1,088,292.27, plus accrued interest.

40. If it is established that Defendant S.R. Vietnam is the party that received the benefit of the Work from the Plaintiff as alleged above, then Defendant S.R.Vietnam has been unjustly enriched by receiving the benefit of the Work without making payment therefore, and Plaintiff is entitled to a money judgment in its favor and against the Defendant S.R. Vietnam based upon the equitable theory of unjust enrichment of not less $1,088,292.27, plus accrued interest at the legal rate.

41. If it is established that Defendant Embassy is legally-separate and distinct from the Defendant S.R. Vietnam, then the Embassy is the party that received the benefit of the Work from the Plaintiff as alleged above, and the Embassy has been unjustly enriched by receiving the benefit of the Work without making payment therefore, and Plaintiff is entitled to a money judgment in its favor and against the Defendant Embassy based upon the equitable theory of unjust enrichment of not less $1,088,292.27, plus accrued interest at the legal rate.

WHEREFORE, Plaintiff National Empire Construction, Inc. hereby demands the entry of a money judgment in its favor and against the Defendants as prayed herein, in the amount of not less than $1,088,292.27 or such other amounts as may be proven at the time of trial in this matter, plus accrued interest at the legal rate, together with costs of this action, and such other further or equitable relief as the Court may determine as appropriate and just.

Dated: July 23, 2025

Respectfully Submitted,

*/s/ Howard S. Stevens*
Howard S. Stevens DC Bar No. 466924

PASCALE STEVENS LLC
2700 Lighthouse Point E. Suite 320
Baltimore, MD 21224
Ph (443) 863-5758
Email: hstevens@pascalestevens.com
*Attorneys for Plaintiff*
*National Empire Construction, Inc.*