**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL EMPIRE CONSTRUCTION, INC.,

        Plaintiff,

v.

THE SOCIALIST REPUBLIC OF VIETNAM, *et al.*,

        Defendants.

Case No.: 1:25-cv-02384

**DEFENDANTS' CORRECTED SPECIAL OPPOSITION TO**
**PLAINTIFF'S MOTION FOR DEFAULT**

1.      Defendants, the Socialist Republic of Viet Nam and the Embassy of the Socialist Republic of Viet Nam, Department of Administration – Ministry of Foreign Affairs of Viet Nam ("Embassy"), appear specially to contest Plaintiff's Motion for Entry of Default Judgment. By appearing specially, Defendants do not waive any applicable defenses, including those with respect to service and jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). Defendants, by making this special appearance, do not agree to accept service or participate in any other aspect of this case. Defendants appear solely for the limited function of contesting the instant Motion for Default, which is deficient for the reasons set forth below.

2.      Plaintiff's Motion for Default should be denied because Plaintiff has yet to complete service on either Defendant.

3.      Plaintiff's basis for alleging service on the Socialist Republic of Viet Nam is a Service Package sent to the U.S. Department of State on January 13, 2026. *See* Mot. ¶ 10 (contending that "[b]ased on a service date of January 13, 2026 on the [the Socialist Republic of Viet

Nam]…effectuated through Diplomatic Channels, the [the Socialist Republic of Viet Nam]'s initial pleading…was due on Monday, March 16, 2026").

4.      As the Court noted in its April 6, 2026 minute order, "the docket reflects only that the Summons and Complaint have been received by the Department of State." That is not enough. Service through diplomatic channels under 28 U.S.C. § 1608(a)(4) is not deemed made until "the date of transmittal indicated in the certified copy of the diplomatic note" sent from the U.S. Secretary of State to the clerk of court. *See* 28 U.S.C. § 1608(c)(1). Therefore, service has not been completed and the time for the Socialist Republic of Viet Nam to answer or otherwise respond to the Complaint has not yet even begun.[1]

5.      Plaintiff's basis for alleging service on the Embassy is also unavailing. Plaintiff contends that it effectuated service on the Embassy by personal service on the Ambassador of Viet Nam. *See* Mot. ¶¶ 5-6.

6.      At the outset, the Embassy is not considered an "agency or instrumentality" of the Socialist Republic of Viet Nam; instead, the Embassy is itself considered a "foreign state or political subdivision of a foreign state." *See, e.g.*, *Barot v. Embassy of Republic of Zambia*, 11 F. Supp. 3d. 24, 30 (D.D.C. 2024). Therefore, service on the Embassy must be completed in accordance with the FSIA, *see* 28 U.S.C. § 1608(a).[2] There is no basis under § 1608(a) to serve the Ambassador of Viet Nam. And insofar as the Socialist Republic of Viet Nam has not yet been served, then the Embassy also has yet to be served.

---

[1] Neither of the Defendants (the Socialist Republic of Viet Nam and the Embassy) waives any other applicable defenses they may have to service, including those under § 1608(a).

[2] According to the ECF Entry for Docket Number 12 dated November 4, 2025), Plaintiff sought to serve the Embassy under 28 U.S.C. § 1608(b)(3)(B). However, § 1608(b) applies to "an agency or instrumentality of a foreign state," whereas § 1608(a) applies to "a foreign state or political subdivision of a foreign state."

7.     Plaintiff also erroneously implies that the Embassy of Viet Nam agreed to accept service of process outside of the methods listed at 28 U.S.C. § 1608. For example, Plaintiff states that "since the Embassy has a physical presence in the District of Columbia, Plaintiff was advised to effectuate service of process on the Embassy through direct means as permitted pursuant to the Federal Rules governing service of process of resident defendants." *See* Mot. ¶ 5. In prior filings, Plaintiff made similar statements: "In addition to addressing service on Viet Nam, the Response also confirmed that since the Embassy is located in the United States, the Embassy is susceptible to service of process directly through normal channels and that service through "diplomatic channels" is not required." *See* ECF 13 ¶ 8 (Dec. 29, 2025, Status Report of Plaintiff).

8.     None of this is correct. First and foremost, as detailed above, the only valid means of completing service on the Embassy are enumerated at 28 U.S.C. § 1608(a). Personal service on the Ambassador is not one of those means. That alone is sufficient to reject Plaintiff's position.

9.     Second, Plaintiff's position is based upon the response of the Socialist Republic of Viet Nam's Ministry of Justice to Plaintiff's Request for Service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See* ECF 11 (request for service under the Hague Convention); ECF 13 ¶ 4 (stating such a request was made). In that response, the Ministry of Justice simply noted that it could not accept documents on behalf of the Embassy under the Hague Convention because the Embassy "has its address in the United States of America." As the Ministry of Justice explained, the Hague Convention only applies for the service of documents abroad. *See* Hague Convention Article 1; ECF 13-1 ¶ 1 (Ministry of Justice Response). Therefore, the Ministry of Justice explained that the request for service of the documents to the Embassy's address is out of scope of the [Hague] Convention." *See* ECF 13-1 ¶ 1 (Ministry of Justice Response); *see also* ECF 13-2

3

(Ministry of Justice email response) ("We have to return the request without execution because it does not satisfy the requirements of the HCCH Service Convention."). However, at no point did the Ministry of Justice suggest that effective service on the Embassy under the FSIA can be achieved by personal service upon Viet Nam's Ambassador to the United States. It cannot.

10.    Just as Plaintiff has thus far failed effectively to serve the Socialist Republic of Viet Nam, Plaintiff has yet to complete service on the Embassy. Therefore, the Embassy's time to answer or otherwise respond to the Complaint has not yet even begun and Plaintiff's Motion for Entry of a Default Judgment should be denied.

April 28, 2026                                    Respectfully submitted,

                                                 /s/ Paul M. Levine
                                                 Paul M. Levine, Bar # 999320
                                                 Carlos Ramos-Mrosovsky, Bar # 986363
                                                 **BAKER & HOSTETLER LLP***
                                                 1050 Connecticut Avenue, Suite 1100
                                                 Washington, D.C. 20036
                                                 Telephone: 202.861.1500
                                                 Facsimile:  202.861.1783
                                                 pmlevine@bakerlaw.com

                                                 *Counsel for Defendants*
                                                 *Appearing Specially for the Purpose of Contesting Motion for Default*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing filing was made on counsel for the parties via the Court's CM/ECF system.


April 28, 2026                                                          */s/ Paul M. Levine*
                                                                        Paul M. Levine