**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL EMPIRE CONSTRUCTION, INC., *Plaintiff*, v. SOCIALIST REPUBLIC OF VIETNAM, *et al.*, *Defendants*. | Civil Action No. 25 - 2384 (SLS) Judge Sparkle L. Sooknanan |

**MEMORANDUM OPINION AND ORDER**

In this Foreign Sovereign Immunities Act (FSIA) suit, National Empire Construction, Inc., a construction company, sued the Socialist Republic of Viet Nam[1] and its Embassy for breach of contract and unjust enrichment. At this stage, the Defendants contend that the Plaintiff has not properly served them, and they move to dismiss on that basis. The Court agrees but concludes that the Plaintiff may well cure the defect in service if given the opportunity. Therefore, the Court grants in part the Defendants' motion and directs the Plaintiff to achieve service within 30 days.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). The Court also takes "judicial notice of public records from other court proceedings." *Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

[1] The Court joins the Parties in referring to the country Defendant as "Viet Nam." *See* Defs.' Special Mot. to Dismiss for Insufficient Service of Process at 1, ECF No. 27; Pl.'s Opp'n to Defs.' Special Mot. to Dismiss for Insufficient Service at 1, ECF No. 29.

The Plaintiff, National Empire Construction, Inc., is a Maryland-based construction and development company that also operates in the District of Columbia. Compl. ¶ 1, ECF No. 1. In or around April 2022, Ambassador Nguyen Quoc Dung of Viet Nam orally requested that the Plaintiff undertake renovations of the Embassy of the Socialist Republic of Viet Nam in Washington, D.C. Compl. ¶¶ 5, 8. The Plaintiff started work the next month, and had completed approximately two-thirds of the project by August 2022 when "Ambassador Nguyen and the Embassy suddenly ordered a halt to all construction without providing a clear explanation." Compl. ¶¶ 9–11. The construction project has since remained suspended, and the Plaintiff has not been paid for labor, materials, and equipment that it expended. Compl. ¶¶ 22–24. According to the Plaintiff, those damages total over $1,000,000. Compl. ¶ 23.

The Plaintiff filed suit in July 2025, invoking this Court's jurisdiction under the FSIA's "commercial activity" exception, *see* 28 U.S.C. § 1605(a)(2), and seeking damages for breach of contract and unjust enrichment. Compl. ¶¶ 5, 19–41. With its Complaint filed, the Plaintiff set about trying to serve the Defendants. After some initial missteps not relevant here, *see* Pl.'s Initial Status Report ¶¶ 4–11, ECF No. 8, the Plaintiff began service under Subsection 1608(a) of the FSIA. Eventually, the Defendants filed a motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Defs.' Special Mot. to Dismiss for Insufficient Service of Process (Mot.), ECF No. 27. That motion is fully briefed and ripe for review. *See* Pl.'s Opp'n to Defs.' Special Mot. to Dismiss for Insufficient Service (Opp'n), ECF No. 29; Defs.' Reply in Support of its Special Mot. to Dismiss for Insufficient Service (Reply), ECF No. 30.

## LEGAL STANDARD

"It is well settled that '[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Howe v. Embassy of It.*, 68 F. Supp. 3d 26, 29 (D.D.C. 2014) (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff*

*& Co., Ltd.*, 484 U.S. 97, 104, 108 (1987)). The failure to serve a defendant is a "fatal" jurisdictional defect. *Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Sols., Inc.*, 550 F. Supp. 2d 23, 26 (D.D.C. 2008). Thus, "[i]f the plaintiff does not properly effect service on a defendant," the defendant may move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5). *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). In responding to such a motion, "[t]he plaintiff bears the burden of proving that she has effected proper service." *Jouanny v. Embassy of Fr.*, 220 F. Supp. 3d 34, 37 (D.D.C. 2016) (cleaned up).

## DISCUSSION

"[T]he FSIA is the sole basis for obtaining jurisdiction over a foreign state in a United States court." *Est. of Majd Kamalmaz v. Syrian Arab Republic*, No. 24-cv-2136, 2026 WL 1159653, at *4 (D.D.C. Feb. 24, 2026) (cleaned up). It gives district courts subject-matter jurisdiction over "(1) any nonjury civil action (2) against a foreign state (3) for any claim for relief *in personam*, but only if (4) the state is not entitled to immunity." *Id.* (cleaned up); *see* 28 U.S.C. § 1330(a). But courts may exercise personal jurisdiction over a foreign state only if that foreign state has been served with process as specified in the FSIA. *See id.* §§ 1330(b), 1608.

Foreign states and embassies sued under the FSIA must be served in accordance with Subsection 1608(a), which "provides four methods of service in descending order of preference." *Barot v. Embassy of the Republic of Zam.*, 785 F.3d 26, 27 (D.C. Cir. 2015); *Jouanny*, 220 F. Supp. 3d at 38 (noting that courts in this District "consistently have held that embassies . . . are considered 'foreign states' for purposes of the FSIA"). The FSIA explains:

> **(a)** Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> > **(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

> **(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> **(3)** if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> **(4)** if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a). "When serving a foreign sovereign, strict adherence to the terms of [Subsection] 1608(a) is required." *Barot*, 785 F.3d at 27 (cleaned up). "[A] plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Angellino v. Royal Fam. Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (cleaned up).

The Parties agree that the Plaintiff could not initially achieve service under Subsection 1608(a)'s first method because there was no "special arrangement" between the Parties when the Plaintiffs filed the Complaint. 28 U.S.C. § 1608(a)(1). And they agree that the Plaintiff next tried (but failed) to serve the Defendants under the second method by invoking the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention), Feb. 10, 1969, 20 U.S.T. 361, to which Viet Nam is a signatory. *See Cawthon v. Manh*, No. 24-cv-03506, 2024 WL 4263141, at *2 (S.D.N.Y. Sept. 23, 2024). The

current dispute centers on the Vietnamese Ministry of Justice's response to the Plaintiff's Subsection (a)(2) attempt.

In response to the Plaintiff's Hague Convention service attempt, the Ministry emailed the Plaintiff, explaining that "[a]lthough . . . Viet Nam does not make an official declaration that the service of judicial documents to the State or Government of Viet Nam must be sent via diplomatic channel," the Ministry had previously responded to a Hague Convention questionnaire by stating that "[r]equests for the service of documents to the State or the Government of Viet Nam should be sent via diplomatic channel." Ex. 1 to Pl.'s Second Status Report at 3, ECF No. 13-1. After receiving this response, the Plaintiff next attempted to serve the Defendants through "diplomatic channels" under a procedure identical to the FSIA's fourth method, under which the United States Department of State seeks to effectuate service through diplomatic channels. 28 U.S.C. § 1608(a)(4); *see* Mot. at 4; Opp'n at 4 n.4. But the Plaintiff skipped the FSIA's third method of service, *see* Mot. at 3–4; Opp'n at 4, which bars them from relying on its fourth method. *See Angellino*, 688 F.3d at 773; *see also Republic of Sudan v. Harrison*, 587 U.S. 1, 19 (2019) (explaining that "if [an] attempt" at service under Subsection 1608(a)(3) "fails," the plaintiff "may turn to [Subsection] 1608(a)(4)").

The Plaintiff contends that the Ministry's response to their service attempt under the Hague Convention created a "special arrangement" between the Parties for service, allowing the Plaintiff to re-attempt service under the FSIA's first method. 28 U.S.C. § 1608(a)(1); Opp'n at 5. Setting aside whether the FSIA permits reversion to tried-and-failed methods of service, the Plaintiff may not recast their service through diplomatic channels as falling under Subsection (a)(1), rather than Subsection (a)(4). Under the FSIA, a "special arrangement" is a "contractual provision[] [] between the plaintiff and the foreign state[.]" *Ben-Yishai v. Syrian Arab Republic*, 642 F. Supp. 3d

110, 125 (D.D.C. 2022); *see also HRF Trade Inc. v. Akimat of Atyrau*, No. 17-cv-1019, 2024 WL 3534654, at *6 (D.D.C. July 25, 2024) (same). In other words, a special arrangement is an *agreement* between an FSIA plaintiff and a foreign state. *See* H.R. Rep. No. 94-1487, at 24 (1976) (explaining that a "special arrangement" under Subsection 1608(a)(1) is one that is "agreed upon between a plaintiff and the foreign state or political subdivision" and that the "purpose of" Subsection 1608(a)(1) is "to encourage potential plaintiffs and foreign states to agree to a procedure on service[]"). And the Plaintiff does not claim that it reached any agreement with the Ministry of Justice. Instead, the Plaintiff points to the Ministry's email, which merely restates the existing requirements for serving Viet Nam. Ex. 1 to Pl.'s Second Status Report at 3. That response did not purport to establish a new arrangement by which Viet Nam agreed to accept service.

Indeed, any communication between the Plaintiff and the Vietnamese Ministry of Justice could not establish a special arrangement "between the plaintiff and the foreign state" under Subsection 1608(a)(1) because the Ministry "is not the foreign state defendant with whom the arrangements must be made[.]" *HRF Trade*, 2024 WL 3534654, at *6. While courts in this District have found the requirements of Subsection (a)(1) met in cases involving foreign embassies, they have primarily done so when the FSIA plaintiff and the defendant embassy had previously entered into a contract expressly providing for service by a particular method. *See, e.g.*, *Int'l Rd. Fed'n v. Embassy of the Dem. Rep. Congo*, 131 F. Supp. 2d 248, 251 (D.D.C. 2001); *G.E. Transp. S.P.A. v. Republic of Alb.*, 693 F. Supp. 2d 132, 136 (D.D.C. 2010); *Marlowe v. Argentine Naval Comm'n*, 604 F. Supp. 703, 708 (D.D.C. 1985); *see also Hardy Expl. & Prod. (India), Inc. v. Gov't of India*, 219 F. Supp. 3d 50, 64 (D.D.C. 2016) (stating that "courts in this District have found a special arrangement for service in broad, unrestricted contract language" and collecting cases). Needless to say, there is no such contractual provision here.

In sum, the Parties have not agreed to any "special arrangement" for service of process under Subsection 1608(a)(1). Thus, the Plaintiff's attempt to serve the Defendants through diplomatic channels can only be construed as invoking Subsection 1608(a)(4) without first attempting service under Subsection 1608(a)(3), in violation of the FSIA's service-sequencing requirements. Thus, the Plaintiff has yet to properly serve the Defendants.

That said, the D.C. Circuit has cautioned that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Barot*, 785 F.3d at 29 (cleaned up).[2] Here, the Defendants offer no reason why they could not be served under Subsection (a)(3) or, failing that, under Subsection (a)(4). Nor have the Defendants "articulated any prejudice that [they] would suffer by the court permitting [the] Plaintiff another opportunity to effect proper service," *Jouanny*, 220 F. Supp. 3d at 40 (citing *Barot*, 785 F.3d at 29), particularly in light of the fact that the FSIA imposes "no statutory deadline for service," *Barot*, 785 F.3d at 29. Thus, the Court will not dismiss the Plaintiff's Complaint. Instead, it will permit the Plaintiff leave to effectuate proper service within 30 days of the date of this Order.

Accordingly, the Court **GRANTS IN PART** the Defendants' Motion to Dismiss for Insufficient Service, ECF No. 27. The Court concludes that the Defendants have not been properly served but it affords the Plaintiff leave to accomplish service in compliance with 28 U.S.C.

---

[2] Although *Barot* itself considered "*sua sponte* dismissals for inadequate service," *Barot v. Embassy of the Republic of Zam.*, 785 F.3d 26, 29 (D.C. Cir. 2015), courts in this District have applied its reasoning to motions to dismiss for insufficient service. *See, e.g.*, *Mohammad Hilmi Nassif & Partners v. Republic of Iraq*, No. 17-cv-2193, 2020 WL 1444918, at *4 (D.D.C. Mar. 25, 2020); *L. Offs. of Arman Dabiri & Assocs. P.L.L.C. v. Agric. Bank of Sudan*, No. 17-cv-2497, 2019 WL 231753, at *5 (D.D.C. Jan. 16, 2019); *Jouanny v. Embassy of Fr.*, 220 F. Supp. 3d 34, 40 (D.D.C. 2016).

§ 1608(a) within 30 days of the date of this Order. If the Plaintiff fails to effect service or seek an appropriate extension of time within 30 days, the Court may dismiss this matter.

**SO ORDERED.**

SPARKLE L. SOOKNANAN
United States District Judge

Date: October 2, 2026